IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 12-127-GMS |
| ) | |
| DAVID PIERCE, Warden, and ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| Respondents. ) | |

## MEMORANDUM

### I. INTRODUCTION

In December 2014, the court denied petitioner DeShawn Drumgo's habeas petition in its entirety after determining that some claims were procedurally barred, some were meritless, and some failed to satisfy the § 2254(d) standard. Presently pending before the court is Drumgo's motion for reconsideration filed pursuant to Rule 59/Rule 60. (D.I. 46)

### II. STANDARD OF REVIEW

A motion for reargument/reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reargument/ reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance,"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in

light of all relevant circumstances, *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

In contrast, Rule 59(e) is "a device [] used to allege legal error," *Fiorelli*, 337 F.3d at 288, and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reargument/reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## III. DISCUSSION

The court will treat the instant motion as filed pursuant to Rule 59(e), because Drumgo filed it within twenty-eight days after the entry of the court's judgment.[1] *See, e.g., Holsworth v. Berg*, 322 F. App'x 143, 146 (3d Cir. 2009); *Ranklin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985) ("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the

---

[1] Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court denied Drumgo's petition on December 10, 2014. (D.I 43; D.I. 44) Drumgo's motion for reconsideration is dated December 12, 2014, postmarked December 19, 2014, and docketed on December 22, 2014. All of these dates fall within the twenty-eight day period provided for in Rule 59(e).

2

judgment under Rule 59(e).").

Nevertheless, Drumgo's motion fails to warrant relief. Drumgo's conclusory assertion that the court's denial was "objectively unreasonable" merely communicates his dissatisfaction with the court's decision without asserting any intervening change in law, the availability of previously unavailable evidence, or a "clear error of law" of the sort that would compel reargument. (D.I. 46 at 1) Therefore, the court will not reconsider its decision to deny Drumgo's habeas petition.

## IV. MOTIONS

After filing his motion for reconsideration, Drumgo filed a motion to appoint counsel (D.I. 51) and a motion for recusal (D.I. 52). Having already determined to deny his motion for reconsideration, the court will deny these additional motions as moot.

## V. CONCLUSION

For the foregoing reasons, the court will deny Drumgo's motion for reconsideration, as well as his motions to appoint counsel and for recusal. In addition, the court will not issue a certificate of appealability, because Drumgo has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

March 27, 2015
DATE

UNITED STATES DISTRICT JUDGE

3